**COX, WOOTTON, GRIFFIN,
HANSEN & POULOS, LLP**
Richard Wootton (SBN 082302)
Max L. Kelley (SBN 205943)
190 The Embarcadero
San Francisco, CA 94105
Telephone No.: 415-438-4600
Facsimile No.: 415-438-4601

Attorneys for Plaintiff
CURTIN MARITIME CORP.

**BRODSKY MICKLOW BULL & WEISS LLP**
Philip E. Weiss (SBN 152523)
2608 Shelter Island Drive
San Diego, CA 92106
Telephone: (619) 225-8884
Facsimile: (619) 225-8801

Attorneys for Owner
MILTON BLANKENSHIP

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| CURTIN MARITIME CORP.,<br><br>Plaintiff,<br><br>v.<br><br>BARGE ORG, Official No. 1125140, its Rigging, Tackle, Machinery, Equipment, Apparel, Appurtenances, etc., *In Rem*, BARGE BAY, Official No. 1125142, its Rigging, Tackle, Machinery, Equipment, Apparel, Appurtenances, etc., *In Rem*, and DOES 1-10,<br><br>Defendants. | Case No.: CV-11-4773 EMC<br><br>**IN ADMIRALTY**<br><br>**STIPULATION FOR SUBSTITUTE SECURITY PURSUANT TO SUPP. FED. R. CIV. PROC. FOR ADMIRALTY AND MARITIME CLAIMS, RULE E(5)(a) ORDER** |

WHEREAS, in the above entitled cause a Verified Complaint *in rem* was filed on September 26, 2011 by plaintiff CURTIN MARITIME CORP. ("Curtin") against the defendant barges ORG, Official No. 1125140, its Rigging, Tackle, Machinery, Equipment, Apparel, Appurtenances, etc. and BAY, Official No. 1125142, its Rigging, Tackle, Machinery, Equipment, Apparel, Appurtenances, etc., (collectively "Barges") for the

COX, WOOTTON, GRIFFIN, HANSEN & POULOS, LLP
190 THE EMBARCADERO
SAN FRANCISCO, CA 94105
TEL: 415-438-4600
FAX: 415-438-4601

CURTIN.Brittan

-1- Case No. CV-11-4773 EMC
STIPULATION FOR SECURITY

reasons and causes set forth in the Verified Complaint; and

WHEREAS, it has been agreed between Curtin and the owner of the Barges, Milton Blankenship ("Owner"), by and through their undersigned attorneys of record, that the execution of process against and the arrest of the defendant Barges shall be waived in consideration of the filing of this stipulation and the acceptance by the Court of the substitute security as described below.

NOW, THEREFORE, the Undersigned stipulate and agree that:

1. This Court has *in rem* jurisdiction over the defendant Barges, and over the substitute *res* (cash deposit), as provided for below in the next paragraph.

2. By operation of maritime law, the filing of this Stipulation and the deposit of the cash amount as described below in the next paragraph, as substitute security for the Barges pursuant to Rule E5(a) of the Supplemental Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure ("Supplemental Rules"), shall extinguish the Plaintiff's maritime liens against the Barges and transfer this Court's *in rem* jurisdiction to the substitute security.

3. In consideration for Plaintiff waiving the arrest of the Barges, the Owner agrees to abide by all orders and judgments, interlocutory or final, of the Court or of any appellate court if an appeal shall intervene or be taken, and shall satisfy any final judgment rendered in favor of the Plaintiff and against the defendant Barges in this action together with prejudgment interest at 6% per annum and costs not to exceed the sum of Two Hundred and Ten Thousand U.S. dollars ($210,000.00). Owner shall deposit said amount in cash or bank check into the Registry of this Court, which shall serve as substitute security for the Barges ("Substitute Security").

4. This Stipulation is binding on the Owner whether the Barges be lost or not lost, and is given without prejudice to all rights or defenses which the Barges may have, none of which are to be regarded as waived.

5. This Stipulation shall not affect the rights of the Owner which shall be precisely the same as they would have been had the Barges, in fact, been taken into custody

COX, WOOTTON, GRIFFIN, HANSEN & POULOS, LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL: 415-438-4600
FAX: 415-438-4601

CURTIN.Brittan

by the U.S. Marshal under this Court's duly issued *in rem* process, and released by the filing of a claim and a release bond pursuant to Supplemental Rule E5(a).

6. The Substitute Security shall remain in the custody of the Court until an appropriate order from this Court directs the Clerk to disburse the funds.

7. Upon a final judgment being issued in this matter, or in the event this action is consolidated with another civil action asserting related claims, in that consolidated action, including any and all appeals, the Undersigned, or either of them, may move the Court for an order disbursing the Substitute Security to the prevailing party in the amount of said judgment. Any amount remaining after such disbursement shall be returned to the Owner.

8. If this case is resolved by settlement, the parties to the settlement shall jointly move this Court for an order disbursing the Substitute Security according to the terms of the Settlement Agreement.

DATED: October 26, 2011.

_____
Max L. Kelley
Attorney-in-Fact for Plaintiff
CURTIN MARITIME CORP.

DATED: October 25, 2011

_____
Philip E. Weiss
Attorney-in-Fact for the Owner of the
Defendant Barges ORG and BAY

IT IS SO ORDERED that the status conference set for 10/28/11 at 3:00 p.m. is vacated. The CMC set for 1/6/12 remains on calendar,

_____
Edward M. Chen
U.S. District Judge


IT IS SO ORDERED AS MODIFIED
Judge Edward M. Chen

STIPULATION FOR S...

Case No. CV-11-4773 EMC

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL: 415-438-4600
FAX: 415-438-4601

CURTIN.Brittan